O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **ARTURO DEHOYOS**, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | Civil Action No. 5:06-cv-152 |
| | § | Criminal No. 5:04-cr-2040 |
| | § | |
| **UNITED STATES**, | § | |
| | § | |
| *Respondent*. | § | |
| | § | |

**OPINION & ORDER**

Pending before the Court is Petitioner Arturo De Hoyos' Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. [Civ. Dkt. No. 1].

### I.    PROCEDURAL BACKGROUND AND RELEVANT FACTS

On December 8, 2004, Petitioner Arturo De Hoyos pled guilty to possession with the intent to distribute over five kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A) and 851. [Cr. Dkt. No. 35]. On October 25, 2005, Petitioner was sentenced to life in prison without release. *Id.* That same day, Petitioner filed his Notice of Appeal, [Cr. Dkt. No. 33], an appeal later dismissed for want of prosecution, [Cr. Dkt. No. 37].

On October 24, 2006, Petitioner filed the § 2255 Motion now before the Court, arguing: (1) that he suffered ineffective assistance of counsel because his attorney deceptively "promised him that if he [pled] guilty, he would receive a sentence of no more than 120 months imprisonment;" (2) that he suffered from "prosecutorial misconduct" by promising Petitioner he "would . . . be sentenced to no more than 120 months in prison;" and (3) that he suffered ineffective assistance

of counsel because "[c]ounsel failed to purs[ue] or perfect [Petitioner's] appeal and as a consequence [Petitioner's] appeal was dismissed," [Dkt. No. 1 at 4-5]. The Court will herein focus only on Petitioner's third claim.

## II.     DISCUSSION

It is well established that the Sixth Amendment guarantees the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). "Claims of inadequate representation which are not raised before the district court cannot be raised on direct appeal . . . [but rather] . . . have been relegated to later petitions under 28 U.S.C. § 2255." *United States v. Brown*, 591 F.2d 307, 310 (5th Cir. 1979). The standard governing ineffective assistance claims was established by the Supreme Court in *Strickland*; specifically, a party claiming ineffective assistance must show (1) that trial counsel's performance fell below an objective standard of reasonableness, and (2) that the defendant suffered prejudice as a result. *Id.* at 687.

Petitioner argues that he suffered ineffective assistance because his attorney failed to prosecute his appeal after filing notice thereof. Indeed, at sentencing, trial counsel indicated that Petitioner wished to appeal. [Dkt. No. (Sentencing Tr.) 39 at 8]. Thus, counsel gave oral notice of appeal, and moved orally on behalf of Petitioner for *in forma pauperis* status. *Id.* The Court urged counsel to "submit [notice of appeal and a motion to proceeed *in forma pauperis*] in writing so [the Court could] go ahead and appoint somebody to represent" Petitioner. *Id.* at 8-9. Counsel responded "that's fine." *Id.* Accordingly, on October 25, 2005, counsel filed a Notice of Appeal on Petitioner's behalf. [Dkt. No. 33]. However, counsel never filed, as he indicated to the Court he would, a motion on behalf of Petitioner requesting *in forma pauperis* status. Consequently, Petitioner's appellate fees were not paid, [Dkt. No. 34], and, unsurprisingly, his

appeal was dismissed by the Fifth Circuit for want of prosecution: Petitioner "failed to timely order transcript[s], . . . make financial arrangements with [the] court reporter, and pay [the] docketing fee." [Dkt. No. 37].

When an attorney fails to file a notice of appeal upon request, the defendant suffers ineffective assistance of counsel, regardless of whether the basis for appeal would have had merit. *Peguero v. United States*, 526 U.S. 23, 28 (1999) (quoting *Rodriquez v. United States*, 395 U.S. 327 (1969)). Of course, here, counsel did file a notice of appeal. However, the Court sees no distinction for Sixth Amendment purposes between failing to file a notice of appeal and failing to prosecute the appeal after notice thereof has been filed, thereby abandoning the appeal—in either circumstance, the defendant is "denied the assistance of counsel altogether." *See Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000).

Counsel stated in open court that he would file a motion to proceed *in forma pauperis* on behalf of his client. He did not. Accordingly, counsel's omission gives rise to the suspicion that Petitioner has been denied the direct appeal to which he was entitled. As such, given the state of the record as it currently stands, Petitioner's Motion requires a government response. *See* 28 U.S.C. § 2255 Proc. R. 4(b). The Court **ORDERS** as follows:

1. The Clerk shall serve a copy of the Motion, Petitioner's memorandum in support thereof, and this Order to the United States Attorney for the Southern District of Texas, Attention: Jose Flores, Assistant U.S. Attorney, P.O. Box 1179, Laredo, Texas 78042.

2. The United States Attorney is directed to file an answer to Petitioner's Motion on or before August 20, 2007, and shall forward a copy of its response to Petitioner by certified mail, return receipt requested. Such answer should comply strictly with Rule 5 of the Rules Governing § 2255 Proceedings.

3. If the United States Attorney elects to answer by filing a dispositive motion (*i.e.*, motion to dismiss or for summary judgment,) Petitioner shall file an answer within thirty (30) days of the date reflected on the certificate of service. If Petitioner fails to timely comply, the Court may dismiss the cause for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk will provide a copy of this Order to the parties.

IT IS SO ORDERED.

Done this 5th day of July, 2007, in Laredo, Texas.

                                              Micaela Alvarez
                                 UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**